IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MCGRANN,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES, LLC, a California limited liability company; KEITH NG, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | No. 2:16-cv-00701-TLN-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND** |

This matter is before the Court pursuant to Plaintiff Thomas McGrann's ("Plaintiff") Motion for Remand. (ECF No. 9.) Defendants AT&T Mobility Services, LLC and Keith Ng ("Defendants") filed an opposition. (ECF No. 11.) Plaintiff filed a reply. (ECF No. 16.) The Court, having read and carefully considered the briefing filed by both parties, hereby GRANTS Plaintiff's Motion for Remand (ECF No. 9).

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brought suit against Defendants in Sacramento County Superior Court on January 15, 2016.  Plaintiff alleges nine causes of action, which include: (1) Declaratory Relief; (2) Disability Discrimination (Cal. Gov't Code § 12940(j)); (3) Failure to Accommodate (Cal. Gov't Code § 12940(m)); (4) Failure to Engage in an Interactive Process (Cal. Gov't Code § 12940(n));

1

(5) Disability Harassment (Cal. Gov't Code § 12940(k)); (6) Failure to Prevent Discrimination, Harassment & Retaliation (Cal. Gov't Code § 12940(h)); (7) Retaliation under FEHA (Cal. Gov't Code § 12940(h)); (8) Violation of the California Family Rights Act ("CFRA")(Cal. Gov't Code § 12945.1); and (9) Wrongful Termination in Violation of Public Policy.  (ECF No. 9-1 at 2.)  Claims 1 and 2 are the only claims alleged against Defendant Ng.  (ECF No. 9-1 at 2.)

On April 1, 2016, Defendants filed their Answer in Sacramento County Superior Court.  (ECF No. 1.)  On April 4, 2016, Defendants removed this action to this Court under 28 U.S.C. § 1441 asserting AT&T is a limited liability company whose only member is a Delaware corporation with its principal place of business in Georgia, and Defendant Ng is a California resident.  (ECF No. 11 at 4.)  Defendants argue Defendant Ng is a sham defendant who should be disregarded for jurisdictional purposes because Plaintiff cannot assert a viable claim against him.  (ECF No. 11 at 5.)  On April 25, 2016, Plaintiff filed a Motion for Remand and Attorney's Fees, asserting that Plaintiff adequately pleaded a disability harassment claim against Defendant Ng and thus, diversity jurisdiction does not exist.  (ECF No. 9-1.)

**II.      STANDARD**

  A. Removal

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending.  28 U.S.C. § 1441(a).  The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000.  28 U.S.C. § 1332(a)(1).  The party asserting federal jurisdiction bears the burden of proving diversity.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).  Diversity is determined as of the time the complaint is filed and removal effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  Removal statutes are to be strictly construed against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.

*Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–56 (5th Cir. 1995).

Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e. complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a limited liability company (LLC) is a citizen of every state in which its "owners/members" are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all of their members). A corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). An individual defendant's citizenship is determined by the state in which they are domiciled. *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014).

B.  <u>Fraudulent Joinder</u>

A defendant's burden to establish fraudulent joinder is a "heavy" one. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1046 (9th Cir. 2009). Joinder will be deemed fraudulent where the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. *Amarant v. Home Depot U.S.A.*, No. 1:13-CV-00245-LJO-SK, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). Merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Id.* (citing *Lieberman v. Meshkin,*

3

*Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); *Hunter*, 582 F.3d at 1044 (citing *Florence v. Crescent Res.*, *LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary")).

Moreover, a defendant must prove fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleadings must be resolved in favor of remand. *Archuleta v. Am. Airlines, Inc.*, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); *see also Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) (suggesting that for fraudulent joinder to exist, a claim would have to be so frivolous as to violate Federal Rules of Civil Procedure 11(b), meriting possible sanctions).

### III.   ANALYSIS

Defendant AT&T acknowledges that both Plaintiff and Defendant Ng are California citizens. However, Defendant AT&T contends that federal diversity jurisdiction is proper because: (1) Defendant Ng is a sham defendant, and should not be considered in establishing diversity; (2) Defendant AT&T is not a California citizen; and (3) the amount in controversy exceeds $75,000. (ECF No. 1 and 11.) Moreover, Defendants argue that Plaintiff cannot state a disability harassment claim against Defendant Ng because all of Plaintiff's allegations related to Defendant Ng involve routine, supervisory conduct that cannot form the basis of a harassment claim as a matter of law. (ECF No. 11 at 1.) Defendants further contend that Plaintiff's claims against Defendant Ng are untimely because he filed his complaint with the Department of Fair Employment and Housing ("DFEH") more than one year after the last purportedly harassing act by Defendant Ng. (ECF No. 11 at 1.) Plaintiff argues that he has adequately pleaded a disability

4

harassment claim against Defendant Ng.  (ECF No. 9-1 at 2.)  Moreover, Plaintiff contends that even if Plaintiff's claim against Defendant Ng is found to be deficient as presently pled, Defendants have not established that Plaintiff cannot amend his complaint to cure any deficiencies and allege a viable claim against Defendant Ng.  (ECF No. 9-1 at 5.)  The Court finds that Defendants have failed to establish Defendant Ng is a sham defendant by clear and convincing evidence, and thus holds that federal diversity jurisdiction is improper.

>   A.  Whether There Is a Possibility That Plaintiff's Complaint States a Valid Harassment Claim Against Ng

To establish a claim for harassment pursuant to FEHA, a plaintiff must demonstrate that (1) he was an employee of defendant employer; (2) he was subjected to unwanted harassing conduct because of his disability; (3) the harassing conduct was so severe, widespread, or persistent that a reasonable, disabled person in plaintiff's circumstances would have considered the work environment to be hostile or abusive; (4) plaintiff considered the work environment to be hostile or abusive; (5) the individual defendant engaged in the conduct; (6) plaintiff was harmed; and (7) the conduct was a substantial factor in causing plaintiff's harm.  *See* CACI No. 2522A.  To prevail on a harassment claim under FEHA, the plaintiff must show the conduct was "severe enough or pervasive enough to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." *Hughes v. Pair*, 46 Cal. App. 4th 1035, 1043 (2009) (citing *Miller v. Department of Corrections*, 36 Cal.4th 446, 462 (2009)).

In addressing the issue of fraudulent joinder, the Ninth Circuit looks to whether the facts in the complaint would preclude the plaintiff's recovery against the non-diverse defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) ("abundantly obvious that [plaintiff] could not possibly prevail on her negligent misrepresentation claim").  "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Davis*, 66 F. Supp. 2d at 1113 (citing *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983)).  It is not for the court to determine if the plaintiff will prevail on the merits of the claim, but to evaluate whether there is any possibility

that the plaintiff may prevail. *Board of St. Mary's Holy Apostolic Catholic Church of the East v. Addai*, No. 1:12-CV-1448-AWIBAM, 2012 WL 4764411, at *2 (E.D. Cal. Oct. 5, 2012). If there is any possibility that the plaintiff would be able to establish liability against the defendant the joinder is not fraudulent. *Bear Valley Family v. Bank Midwest, N.A.*, 2010 WL 3369600, at *2 (C.D. Cal. Aug. 23, 2010) (citing William W. Schawrzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 2:672 (The Rutter Group 2009)).

Moreover, a court must evaluate the factual allegations and evidence in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003); *see also Albi v. Street & Smith Publ'ns,* 140 F.2d 310, 312 (9th Cir. 1944) ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court.").

Here, Plaintiff alleges several actions that, taken together, suggest a possibility that Defendant Ng engaged in harassing conduct towards Plaintiff because of his mental disability. Plaintiff alleges that while Plaintiff was on approved medical leave, Defendant Ng mailed Plaintiff a letter instructing him to return to work, or else he would be terminated for job abandonment. (ECF No. 1 at 5.) On that same day, Plaintiff alleges that Defendant Ng informed Plaintiff he had been terminated. (ECF No. 1 at 5.) Plaintiff also alleges that he was prevented from resuming his job duties because Defendant Ng failed to put Plaintiff's employee code back into the computer system. (ECF No. 1 at 5.) Plaintiff further alleges that he read emails from Defendant Ng, which stated to the effect that Plaintiff had been removed and replaced from his Key Carrier position. (ECF No. 1 at 5.) Moreover, Plaintiff alleges that Defendant Ng failed to provide Plaintiff with his Family and Medical Leave Act ("FMLA") paperwork in a timely manner, which resulted in Plaintiff's FMLA being denied. (ECF No. 1 at 7.) Plaintiff alleges that Defendant Ng admitted to have mailed Plaintiff's FMLA forms to an incorrect address, but mailed them anyway. (ECF No. 1 at 7.) Plaintiff further alleges that Defendants continued to threaten Plaintiff with termination if he did not return to work, despite Plaintiff's doctor extending his medical leave. (ECF No. 1 at 8.)

6

As a result of Defendants AT&T and Ng's conduct, Plaintiff suffered an anxiety attack due to feeling harassed and retaliated against for taking medical leave.  (ECF No. 1 at 5.) Moreover, Defendants' ongoing harassing conduct further exacerbated Plaintiff's mental state resulting in Plaintiff being treated in an outpatient program and subsequently, in an inpatient program for suicide watch.  (ECF No. 1 at 6–7.)

Accordingly, in construing all doubts concerning the sufficiency of Plaintiff's claims in favor of remand, Plaintiff's allegations show at least a possibility of stating a disability harassment claim against Defendant Ng because those facts fall within the requirements a plaintiff must demonstrate under FEHA.[1]  *See Padilla v. AT&T Corp*., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [Defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [Defendant] for harassment under … FEHA."); *Suarez v. Am. Airlines, Inc*., 2009 WL 1657444, at *4 (C.D. Cal. June 10, 2009) ("[Defendants] may or may not be correct that plaintiff's current allegations are insufficient to state a claim for harassment under FEHA against [Defendants]; however, [Defendants] have not shown that there is 'absolutely no possibility' that plaintiff can establish a cause of action against [Defendant] in state court.").

As previously mentioned, a defendant is not fraudulently joined simply because the action is likely to be dismissed against the defendant.  Rather, it requires the removing party to prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.  Because Plaintiff's allegations show at least a possibility that the plaintiff would be able to establish liability against Defendant Ng in state court, this Court cannot find that Defendant Ng was fraudulently joined.  *See Widder v. State Farm Fire and Cas. Co*., No 2:10-CV-02221-WBS-KJN, 2010 WL 4386698, at 3 (E.D. Cal. Oct. 28, 2010) ("plaintiff may be able to explain or expand on his allegations.…. The court cannot conclude that it is impossible or fanciful that Plaintiff can establish liability against [the defendant.]").

---

[1] The Court acknowledges that Plaintiff asserted a declaratory relief claim against Defendant Ng.  However, the Court will not address that claim for purposes of this Order because a possibility of a single claim refutes fraudulent joinder.

## IV. CONCLUSION

For the foregoing reasons, Defendants have not demonstrated by clear and convincing evidence that Plaintiff cannot possibly state a disability harassment claim against Defendant Ng. Accordingly, Defendants have failed to satisfy their heavy burden to establish fraudulent joinder. Given that Defendant Ng is not a sham defendant and is a resident of California, no diversity jurisdiction exists in this case.  Therefore, Defendants' removal was improper.  Plaintiff's Motion for Remand (ECF No. 9) is hereby GRANTED and Defendant's Motion to Dismiss is DENIED as MOOT.  (ECF No. 6.)

Plaintiffs also request an order granting attorney's fees associated with removal.  (ECF No. 9–1 at 12.)  Such costs may be granted when a defendant lacked an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court does not find Defendants lacked an objectively reasonable basis for removal, and so the request for costs is DENIED.

IT IS SO ORDERED.

Dated: October 21, 2016

Troy L. Nunley
United States District Judge